FILED
08 DEC -9 AM 11: 22

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CAL

BY: ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08 CR 4274 JAH |
| Plaintiff, | INDICTMENT |
| v. | Title 18, U.S.C., Sec. 371 - Conspiracy; |
| SERGIO F. RUIZ RIOS (1), | Title 18, U.S.C., Sec. 1343 – Wire Fraud; |
| MANUEL BRIBIESCA (2), | Title 18, U.S.C., Sec. 2 - Aiding and Abetting |
| Defendants. | |

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Grupo D'Amiano (Grupo) was a company that distributed propane throughout Mexico. Star Gas was a subsidiary of Grupo located in Tijuana, Mexico. North Star Gas (NSG) was a subsidiary of Grupo incorporated in Chula Vista, California. NSG was created to find sources for propane in the United States and ship the propane to Star Gas.

2. In 2004, Grupo hired defendant SERGIO F. RUIZ RIOS to be the president of NSG.

//
//
//
//

JBO:em:San Diego
12/9/08

## Count 1

## CONSPIRACY

### OBJECT OF THE CONSPIRACY

3. Beginning on a date unknown to the grand jury and continuing up to and including November 30, 2008, within the Southern District of California, and elsewhere, defendants SERGIO F. RUIZ RIOS and MANUEL BRIBIESCA knowingly conspired and agreed with each other, and with other persons known and unknown to the Grand Jury, to commit wire fraud by devising, intending to devise, and carrying out a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and omissions of material fact, and for the purpose of executing this materially fraudulent scheme, to knowingly transmit, and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, and sounds; in violation of Title 18, United States Code, Section 1343.

### METHODS AND MEANS OF THE CONSPIRACY

4. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS created and owned a business called "Mexico Gas."

5. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS negotiated a contract between a propane supplier in the United States and "Mexico Gas." During the negotiations, SERGIO F. RUIZ RIOS fraudulently represented to the propane supplier that "Mexico Gas" was a subsidiary of NSG and that he (SERGIO F. RUIZ RIOS) owned both companies.

6. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS fraudulently caused the false signature of "Jorge Rocha" to appear on "Mexico Gas" contracts with NSG.

7. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS sold the propane obtained under the "Mexico Gas" contract to NSG at an inflated price.

8. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS fraudulently used stock certificates of NSG to indicate that he owned NSG.

9. It was a method and means of the conspiracy that defendant MANUEL BRIBIESCA fraudulently indicated that he was the president of "Mexico Gas."

//

10. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS indicated that "Mexico Gas" was a propane supplier for NSG.

11. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS fraudulently concealed from Grupo the fact that he created and owned "Mexico Gas."

12. It was a method and means of the conspiracy that defendant SERGIO F. RUIZ RIOS transferred funds to the bank account of the wife of defendant MANUEL BRIBIESCA.

13. It was a method and means of the conspiracy that defendant MANUEL BRIBIESCA, through telephone calls and e-mails, attempted to collect payment on behalf of "Mexico Gas."

**OVERT ACTS**

14. In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

    a. In or about February 2006, defendant SERGIO F. RUIZ RIOS created "Mexico Gas."

    b. On or about July 17, 2007, defendant SERGIO F. RUIZ RIOS indicated that "Mexico Gas" was a propane supplier for NSG.

    c. On or about July 17, 2007, defendant MANUEL BRIBIESCA indicated that he was the president of "Mexico Gas."

    d. On or about July 17, 2007, defendant SERGIO F. RUIZ RIOS concealed from Grupo the fact that he created and owned "Mexico Gas."

    e. On or about July 19, 2007, defendant SERGIO F. RUIZ RIOS caused $300,000 to be transferred by wire from the Mexico Gas Bank Account in Chula Vista, California to the bank account of a propane supplier, the account being located in New York City, New York.

    f. On or about August 30, 2007, defendant SERGIO F. RUIZ RIOS caused $500,000 to be transferred by wire from the Mexico Gas Bank Account in Chula Vista, California to the bank account of a propane supplier, the account being located in New York City, New York.

     g.     On or about September 7, 2007, defendant SERGIO F. RUIZ RIOS caused $15,000 to be wire transferred from the Mexico Gas Bank Account to the bank account of MANUEL BRIBIESCA's wife, the account being located in Houston, Texas.

     h.     On or about November 2, 2007, defendant SERGIO F. RUIZ RIOS caused $10,000 to be wire transferred from the Mexico Gas Bank Account to the bank account of MANUEL BRIBIESCA's wife, the account being located in Houston, Texas.

     i.     On or about November 8, 2007, defendant SERGIO F. RUIZ RIOS caused an e-mail to be sent to a propane supplier with a stock certificate attached.

All in violation of Title 18, United States Code, Section 371.

## Counts 2-5

## WIRE FRAUD

15. The allegations set forth in paragraphs 1 through 2 and 4 through 14 above are realleged as if fully set forth herein.

16. Beginning on a date unknown to the grand jury and continuing up to and including November 30, 2008, within the Southern District of California, and elsewhere, defendants SERGIO F. RUIZ RIOS and MANUEL BRIBIESCA did devise and intend to devise a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and omissions of material fact.

//
//
//
//
//
//
//
//

4

17. On or about the dates set forth below, within the Southern District of California, and elsewhere, defendants SERGIO F. RUIZ RIOS and MANUEL BRIBIESCA, for the purpose of executing the above-described material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and omissions of material fact, knowingly transmitted and caused to be transmitted, in interstate commerce, by means of wire communications, the writings, signs, signals, pictures, and sounds set forth below:

| Count | Date | Communication |
|---|---|---|
| 2 | July 19, 2007 | Wire Transfer of $300,000 from the Mexico Gas Bank Account in Chula Vista, California to the bank account of a propane supplier, the account being located in New York City, New York. |
| 3 | August 30, 2007 | Wire Transfer of $500,000 from the Mexico Gas Bank Account in Chula Vista, California to the bank account of a propane supplier, the account being located in New York City, New York. |
| 4 | September 7, 2007 | Wire Transfer from the Mexico Gas Bank Account to the bank account of MANUEL BRIBIESCA's wife, the account being located in Houston, Texas. |
| 5 | November 2, 2007 | Wire Transfer from the Mexico Gas Bank Account to the bank account of MANUEL BRIBIESCA's wife, the account being located in Houston, Texas. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

DATED: December 9, 2008.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
JOHN B. OWENS
NICOLE A. JONES
Assistant U.S. Attorneys